IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 CR 12

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TRAVIS LINDSEY MEHAFFEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came before the undersigned upon a Violation Report (#36) filed in the above entitled cause by the United States Probation Office alleging that the Defendant violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared that the Defendant was present with his counsel, Fredilyn Sison, and that the Government was present through AUSA John Pritchard. From the evidence offered and the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, the Defendant, by and through his attorney, admitted the allegation contained in the Violation Report (#36).

The Defendant was charged in a Bill of Indictment (#13) with receiving child pornography that had been shipped or mailed using any means or facility of interstate

1

commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A). On June 14, 2017, the undersigned held an inquiry pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the Defendant to the charge of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) as alleged in Count One in the Bill of Indictment. At the time of the plea, the Defendant's counsel filed a motion for continued release at the Rule 11 Hearing (#22), and requested that the Defendant continue to be released based upon exceptional circumstances as provided by 18 U.S.C. § 3145(c). After hearing the motion the undersigned entered an Order allowing the Defendant's continued release on terms and conditions of presentence release (#31).

In the violation report (#36), it is alleged the Defendant violated the condition of release (#10) that required that the Defendant not use, purchase, possess, procure or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers or exchange formats involving computers unless approved by the United States Probation Office. It is alleged that on September 20, 2017, during a search of the Defendant's residence that an unreported cell phone was found under the Defendant's mattress. The Defendant admitted that he had not received permission to use the cell phone and that the primary purpose for using the cell phone was to view pornographic materials

on the internet. The Defendant admitted this allegation.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence and the admission of the Defendant, it has been shown by clear and convincing evidence that the Defendant violated the condition of release as set forth above.

Due to the findings made above and further considering the presumption that has been created, and considering the factors as set forth under 18 U.S.C. § 3142(g) it appears that there is no condition or combination of conditions of release that will

assure that the Defendant will not pose a danger to the safety of any other person or the community. The actions of the Defendant in possessing an electronic device to view pornography shows to this Court that it is unlikely that the Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: October 2, 2017

Dennis L. Howell
United States Magistrate Judge