# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL CASE NO. 1:17-cr-00012-MR-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **TRAVIS LINDSEY MEHAFFEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the "Motion for Case Documents" filed by Colbey Mehaffey [Doc. 54].

The Defendant pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  He was sentenced on November 2, 2017, to a term of 114 months' imprisonment.  [Doc. 52]. He did not file a direct appeal.

The present motion before the Court was filed by Colbey Mehaffey, a person who claims to hold power of attorney for the Defendant.  Colbey Mehaffey requests copies of any "sealed documents that may apply to the deals and sentencing of" the Defendant.  [Doc. 54 at 1].  For grounds, Colbey

Mehaffey states that he is requesting these documents "in an attempt to appeal due to some suspected errors in this trial." [Id.].

To the extent that Colbey Mehaffey is attempting to appear in this matter on the Defendant's behalf, this motion must be denied. Appearances in federal court are governed by 28 U.S.C. § 1654, which permits parties "[i]n all of the Courts of the United States ... [to] plead and conduct their own cases personally or by counsel...." 28 U.S.C. § 1654. This section, which codifies the Sixth Amendment's right to counsel, allows a litigant a choice between representation by counsel and self-representation. See Faretta v. California, 422 U.S. 834 (1975). The term "counsel" as used in this context, however, refers only to an individual authorized to practice law. See United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977). The right to assistance of counsel does not include the right to representation by a person unlicensed to practice law. United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978); see also United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (holding that the defendant had no right to be represented by non-lawyer); United States v. Wilhelm, 570 F.2d 461, 465 (3d Cir. 1978) (rejecting contention that defendant had constitutional right "to be represented by a friend who is neither a law school graduate nor a member of the bar"). The Defendant's designation of power of attorney to Colbey Mehaffey does not

permit him to represent the Defendant in this matter.  See <u>Myers v. AT&T</u> <u>Corp.</u>, No. 2:13-cv-1432-RMG, 2013 WL 4823282, at *2 (D.S.C. Sept. 9, 2013).

**IT IS, THEREFORE, ORDERED** that the "Motion for Case Documents" filed by Colbey Mehaffey [Doc. 54] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 7, 2018

Martin Reidinger
United States District Judge