**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00311-MR
[CRIMINAL CASE NO. 1:17-cr-00012-MR-DLH-1]**

| | |
|---|---|
| TRAVIS LINDSEY MEHAFFEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on review of Petitioner's § 2255 Motion to Vacate [Doc. 1] and Letter seeking an extension of time to file a "writ of habeas corpus,"[1] [Doc. 4], which is construed as a Motion for Extension of Time to File an Amended § 2255 Motion to Vacate.

On October 25, 2018,[2] Petitioner filed a *pro se* 28 U.S.C. § 2255 Motion to Vacate [Doc. 1], along with a Letter [Doc. 2], seeking a 90-day extension of time to file an Amended § 2255 Motion to Vacate. On November 7, 2018, the Court entered an Order explaining that Petitioner's Motion to Vacate was

---

[1] The Motion is liberally construed as seeking an extension of time to file an Amended § 2255 Motion to Vacate. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

conclusory and thus essentially a placeholder motion that was subject to summary dismissal. [Doc. 3]. Petitioner's request for an extension of time was denied as moot to the extent that the one-year statute of limitations under 28 U.S.C. § 2255(f)(1) had not yet expired and was denied insofar as Petitioner requested an extension of time reaching beyond the one-year statute of limitations. [Id.]. The Court ordered Petitioner to file a sufficient amended motion to vacate within the one-year statute of limitations or explain why a statutory or equitable exception should apply. [Id.]. The one-year statute of limitations has now expired.

Petitioner now requests a 120-day extension of time within which to file a "meaningful legal document with proper law questions." [Doc. 4 at 1].

A motion to vacate filed pursuant to 28 U.S.C. § 2255 must "specify all the grounds for relief which are available to the moving party" and "state the facts supporting each ground." Rule 2(b)(1)-(2), Rules Governing Section 2255 Proceedings. Vague and conclusory allegations set forth in a § 2255 motion may be disposed of without further investigation by the district court. United States v. Dyess, 730 F.3d 354 (4th Cir. 2013); see also Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (a habeas petition "is expected to state facts that point to a real possibility of constitutional error.") (internal quotation marks omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires

pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts (the § 2255 motion to vacate must "substantially follow … the form appended to these rules.").

Petitioner's § 2255 motion lists three vague, conclusory grounds with little factual support that fail to state a claim for post-conviction relief. Petitioner has failed to adequately set forth discernable claims for relief supported by factual allegations and therefore his motion is subject to summary dismissal. Id.  Accordingly, Petitioner's Motion to Vacate will be dismissed without prejudice.

Petitioner's Motion for Extension of Time to file an Amended § 2255 Motion to Vacate is vague, conclusory, does not raise any claims for relief, and essentially asks the Court to issue an advisory opinion that an amended § 2255 motion that Petitioner intends to file in future will be timely.  Because Petitioner has failed to file an adequate § 2255 motion, there is no case or controversy before the Court. See generally Golden v. Zwicker, 394 U.S. 103, 108 (1969) (the federal courts have no license to issue advisory opinions).  Therefore, the Motion for Extension of Time to file an Amended § 2255 Motion to Vacate is dismissed for lack of jurisdiction. See, e.g., United

States v. Harris, 304 F. App'x 223 (4th Cir. 2008) ("[b]ecause [petitioner] has not filed a § 2255 motion and his motion for an extension of time to file did not raise any potential grounds for relief, the district court lacked jurisdiction to consider the motion."); United States v. White, 257 Fed. Appx. 608, 609 (4th Cir. 2007) ("the district court lacked jurisdiction to consider the motion [for extension of time to file a § 2255 petition] in the first place because [petitioner] had not filed a § 2255 motion challenging the original judgment of conviction and his motion did not raise any potential grounds for relief").

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Letter [Doc. 4], which is construed as a Motion for Extension of Time to File an Amended § 2255 Motion to Vacate, is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed: December 4, 2018

Martin Reidinger
United States District Judge