THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00012-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> TRAVIS LINDSEY MEHAFFEY, ) </br> ) </br> Defendant. ) </br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court the Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 2581(c)(1)(A) [Doc. 65] and the Government's Motion to Seal [Doc. 70]. The Government opposes the Defendant's motion for a reduction of his sentence. [Doc. 68].

**I. BACKGROUND**

In February 2017, the Defendant Travis Lindsey Mehaffey was charged in a Bill of Indictment with one count of receiving child pornography in violation of 18 U.S.C. § 2252(A)(a)(2)(A) (Count One) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(A)(a)(5)(B) (Count Two). [Doc. 13]. Pursuant to a written plea agreement, the Defendant pled guilty to Count One in exchange for the dismissal of Count Two. [Doc. 21]. At sentencing in November 2017, the Court calculated an

advisory guideline range of 135 to 168 months, with a mandatory minimum sentence of five years of imprisonment. [Doc. 46 at ¶¶ 65, 66]. The Court, however, granted a downward variance and imposed a sentence of 114 months of imprisonment and a lifetime term of supervised release. [Doc. 52]. The Defendant is currently serving his sentence at FMC Lexington, and his projected release date is October 21, 2025.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 65]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. The Defendant further seeks a reduction in sentence on the grounds that "the sentencing ranges for sex offenders may be too harsh." [Id. at 1-2]. The Court ordered the Government to respond to the Defendant's motion, and the Government filed its response on October 16, 2020. [Doc. 68]. This matter is now ripe for adjudication.

---

[1] See https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2020).

2

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor

5

children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant claims that his underlying health conditions—namely, nerve issues, a depressive disorder, polyneuropathy, asthma, Charcot-Marie-Tooth ("CMT"), hypertension, trigeminal neuralgia, and obesity—place him at a higher risk of COVID-19 related complications. Of these conditions, however, only obesity, asthma, and hypertension have been recognized as conditions which may place the Defendant at an increased risk of severe illness.[3] With respect to these conditions, the BOP medical records submitted by the Government indicate that the Defendant's asthma is neither moderate nor severe and appears to be well-controlled with medication. [See Doc. 69]. Further, his hypertension does not appear

---

[3] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Oct. 29, 2020).

6

Case 1:17-cr-00012-MR-WCM   Document 71   Filed 11/09/20   Page 6 of 11

to be dangerously high and is being appropriately treated with medication. [Id.]. That leaves only obesity as a factor which places the Defendant at an increased risk of severe illness. The mere fact, however, that the Defendant faces a potential risk of contracting COVID-19 or suffering complications therefrom is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[4] This is especially true where, as here, the Defendant is housed in a facility that currently has only three active cases among inmates and three among the staff.[5] For all these reasons, the Court concludes that the Defendant has

---

[4] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[5] See http://www.bop.gov/coronavirus (last visited Oct. 28, 2020) (also noting nine inmate deaths, 207 inmates recovered, and 14 staff members recovered).

failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).[6]

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's offense of conviction involved the receipt and possession of hundreds of child pornography images and video files on an SD card. [See Doc. 46: PSR at ¶¶ 11, 14]. On the Defendant's cellphone were 16 pictures and 4 videos of child pornography, as well as an image of children engaged in sadomasochistic activities. [Id. at ¶ 14]. On a separate

---

[6] The Defendant also appears to argue that extraordinary and compelling reasons exist for a sentence reduction because "the sentencing ranges for sex offenders may be too harsh." [Doc. 65 at 2]. This argument is not an appropriate basis for a compassionate release motion. Even if it were, the Court considered the appropriateness of the advisory sentencing range at the time it imposed a particularized sentence on this Defendant and, in so doing, chose to impose a sentence below that range. The Defendant has cited nothing that was unknown to the Court at the time it imposed that sentence. This argument, therefore, is without merit.

8

SD card were an additional 406 images and 3 videos of child pornography, for a total of more than 600 images. [Id. at ¶¶ 14, 32]. Many of the children depicted were under 12 years of age. [Id. at ¶ 15]. The Court finds that the sentence that was previously imposed adequately reflects the nature and circumstances of the offense and the need for the sentence to afford adequate deterrence to criminal conduct. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B). As for the other relevant sentencing factors, the Defendant has not given the Court sufficient reason to alter its original analysis of the remaining factors under Section 3553(a).

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration.

Finally, the Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 69] filed in support of its Response. For grounds, counsel states that the medical records contain highly personal and confidential material concerning the Defendant's medical conditions. [Doc. 70].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable

opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on October 16, 2020, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 2581(c)(1)(A) [Doc. 65] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Exhibit [Doc. 70] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 69] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: November 8, 2020

Martin Reidinger
Chief United States District Judge