THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00012-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TRAVIS LINDSEY MEHAFFEY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Petition for Leave to File Second Petition and Memorandum in Support of Petition for Relief under the First Step Act" [Doc. 72], which the Court construes as a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

On November 9, 2020, the Court denied the Defendant's motion for compassionate release, concluding that the Defendant had failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A)(i). [Doc. 71]. The Defendant now seeks to renew his motion for compassionate release, citing recent court decisions as well as new information regarding the manner in which the pandemic is being addressed at his facility. [Doc. 72].

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[1] The Defendant has the burden of demonstrating that he has complied with the requirements of § 3582 or that exhaustion of such remedies would be futile. See United States v.

---

[1] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

Freshour, No. 5:06-cr-00013-KDB-DCK, No. 2020 WL 3578315, at *1 (W.D.N.C. July 1, 2020) (Bell, J.).

The Defendant has already been denied a compassionate release. He now seeks to renew his request, citing new information. He has not, however, presented this new information to the warden of his facility for consideration. Instead, he relies on the fact that he had exhausted his administrative remedies prior to filing his first motion for compassionate release. [See Doc. 72 at 2]. The language of Section 3582(c)(1)(A), however, is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. Thus, the Defendant has not complied with the requirements of the statute with respect to his renewed request, and the Court cannot grant the requested relief. Accordingly, the Defendant's renewed motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Petition for Leave to File Second Petition and Memorandum in Support of Petition for Relief under the First Step Act" [Doc. 72], which the Court construes as a

renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: January 25, 2021

Martin Reidinger
Chief United States District Judge