THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00012-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TRAVIS LINDSEY MEHAFFEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Petition for Leave to File Third Petition and Memorandum in Support of Petition for Relief under the First Step Act," which the Court construes as a Renewed Motion for Compassionate Release [Doc. 74]; the Government's Opposition to Defendant's Renewed Motion for Compassionate Release [Doc. 78] and Motion to Seal Document Containing Medical Records [Doc. 80]; and the Defendant's Reply [Doc. 83].

**I.     BACKGROUND**

In February 2017, the Defendant Travis Lindsey Mehaffey was charged in a Bill of Indictment with one count of receiving child pornography in violation of 18 U.S.C. § 2252(A)(a)(2)(A) (Count One) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(A)(a)(5)(B)

(Count Two). [Doc. 13]. Pursuant to a written plea agreement, the Defendant pled guilty to Count One in exchange for the dismissal of Count Two. [Doc. 21]. At sentencing in November 2017, the Court calculated an advisory guideline range of 135 to 168 months, with a mandatory minimum sentence of five years of imprisonment. [Doc. 46 at ¶¶ 65, 66]. The Court, however, granted a downward variance and imposed a sentence of 114 months of imprisonment and a lifetime term of supervised release. [Doc. 52]. The Defendant is currently serving his sentence at FMC Lexington, and his projected release date is October 21, 2025.[1]

In September 2020, the Defendant sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 65]. Specifically, the Defendant argued that his underlying health conditions placed him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness was an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. The Defendant further sought a reduction in sentence on the grounds

---

[1] See https://www.bop.gov/inmateloc/ (last visited Oct. 26, 2021).

that "the sentencing ranges for sex offenders may be too harsh." [Id. at 1-2]. The Court denied the Defendant's motion on November 9, 2020. [Doc. 71].

In January 2021, the Defendant filed a second motion for compassionate release, citing recent court decisions as well as new information regarding the manner in which the pandemic was being addressed at his facility. [Doc. 72]. The Court denied the Defendant's second motion on the grounds that he had failed to exhaust the remedies set forth in 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 73].

In July 2021, the Defendant filed the present motion, again renewing his request for compassionate release. [Doc. 74]. For grounds, the Defendant cites (1) his health conditions and the ongoing COVID-19 pandemic and (2) the need to care for his mother and father. [Id. at 1-2]. The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered July 21, 2021]. The Government filed its Response on August 19, 2021. [Doc. 78]. The Defendant was then directed to file a reply. [Text-Only Order entered Aug. 20, 2021]. The Defendant sought two extensions of time of the reply deadline, both of which the Court granted. [See Docs. 81, 82; Text-Only Orders entered Aug. 31, 2021 and Oct. 4,

2021]. The Court received the Defendant's Reply on October 18, 2021. [Doc. 83]. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of her sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. [Doc. 78 at 3]. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any*

extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that a number of chronic health conditions—including nerve issues, a depressive disorder, polyneuropathy, asthma, Charcot-Marie-Tooth ("CMT"), hypertension trigeminal neuralgia, and obesity—place him at a significant risk of serious illness or death from the delta variant of COVID-19. [Doc. 74 at 4-6]. The Court, however, addressed these conditions in its first Order denying the Defendant compassionate release and found that none of these conditions, either singly or in combination, constituted an extraordinary and compelling reason for his release. [See Doc. 71]. The Defendant has not offered any new facts or arguments to change this analysis. The BOP medical records [Doc. 79] indicate that the Defendant tested positive for the coronavirus on December 28, 2020. [Id. at 55]. There is nothing in these medical records to indicate that he has suffered any long-term effects from COVID-19 or that ever complained any such symptoms. Moreover, the Defendant was later

6

vaccinated against the coronavirus, receiving his first dose on February 22, 2021, and his second dose on March 19, 2021. [See id. at 184]. According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines can reduce the risk of serious illness among people who are fully vaccinated by 90 percent or more.[2] While the Defendant still faces some risk of infection (as do all of those who have been vaccinated against the virus), the fact that the Defendant faces a slight risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). For all these reasons, the Defendant's chronic health conditions do not constitute an extraordinary and compelling to justify his early release.

The Defendant also seeks a reduction in his sentence in order to provide care for his parents. [Doc. 74 at 13]. While the commentary to

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Oct. 26, 2021).

U.S.S.G. § 1B1.13 does allow for the consideration of family circumstances, the Defendant does not meet the criteria set under application notes 1(C)(i) or 1(C)(ii) because it only covers the incapacitation of the defendant's spouse or minor child when the defendant is the only available caregiver. Although this commentary is not binding, it remains "helpful guidance" in determining whether a defendant has shown extraordinary and compelling reasons justifying an early release. McCoy, 981 F.3d at 282 n.7.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). As the Court noted in its first Order denying the Defendant compassionate release [Doc. 71], the Defendant's offense of conviction involved the receipt and possession of hundreds of child pornography images and video files on an SD card. [See Doc. 46: PSR at ¶¶ 11, 14]. On the Defendant's cellphone were 16 pictures and 4 videos of child pornography, as well as an image of children engaged in sadomasochistic activities. [Id. at ¶ 14]. On a separate SD card were an additional 406 images and 3 videos of child pornography, for a total of more

than 600 images. [Id. at ¶¶ 14, 32]. Many of the children depicted were under 12 years of age. [Id. at ¶ 15].

As the Defendant noted in his first request for compassionate release, the BOP has classified his recidivism risk as "low," on a scale of "minimum-low-medium-high." [Doc. 65 at 16; Doc. 65-8]. As part of his variance motion filed with this Court in advance of sentencing, the Defendant submitted an evaluation by a retained forensic psychologist, who concluded that the Defendant's risk for violent sexual offense recidivism was low, but that "[h]is risk for non-violent sexual recidivism (specifically, child pornography) is '**moderate to high**' on a 'low-moderate-high' scale." [See Doc. 66-9 at 1-2] (emphasis original). This assessment that the Defendant poses a moderate to high risk of reoffending is consistent with his behavior while he was on presentence release following his guilty plea in this case. Specifically, the Defendant violated the conditions of his release by possessing a cell phone that he had not reported to his probation officer, and admitting that "his primary purpose was to use the cell phone to view pornographic materials on the internet." [Doc. 46: PSR at ¶ 6; Doc. 36 (bond violation report)].

In light of all of these circumstances, the Court finds that the sentence that was previously imposed adequately reflects the nature and

9

circumstances of the offense and the need for the sentence to afford adequate deterrence to criminal conduct. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B). As for the other relevant sentencing factors, the Defendant has not given the Court sufficient reason to alter its original analysis of the remaining factors under Section 3553(a).

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration. Accordingly, the Defendant's renewed motion for compassionate release is denied.

### B. Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 79] filed in support of its Response to the Defendant's motion. [Doc. 80].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on August 19, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Petition for Leave to File Third Petition and Memorandum in Support of Petition for Relief under the First Step Act," which the Court construes as a Renewed Motion for Compassionate Release [Doc. 74], is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 80] is **GRANTED**, and the medical records [Doc. 79] submitted in

support of the Government's Response shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: October 28, 2021

Martin Reidinger
Chief United States District Judge