THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00012-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TRAVIS LINDSEY MEHAFFEY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for copies of transcripts and other court documents at the Government's expense. [Doc. 94].

The Defendant pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). He was sentenced on November 2, 2017, to a term of 114 months' imprisonment. [Doc. 52]. He did not file a direct appeal. The Defendant is presently housed at FMC Lexington with a projected release date of October 21, 2025.[1] There are no motions or other proceedings pending in his case.

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Dec. 5, 2022).

By the present motion, the Defendant requests that the Court provide to his son, Colbey Hunter Mehaffey, copies of the "transcripts from [his] trial as well as a list of amendments filed [by his] attorney at sentencing." [Doc. 94].

The Defendant claims that his son holds a power of attorney for the Defendant. As the Court has previously explained to the Defendant, his designation of power of attorney to Colbey Mehaffey does not permit him to the represent the Defendant in this matter. [See Doc. 57]. Thus, Colbey Mehaffey has no authority to procure documents on behalf of the Defendant.

To the extent that the Defendant seeks documents himself, it is unclear what the Defendant is attempting to obtain. The Defendant seeks copies of trial transcripts; however, the Defendant pled guilty to his offense and did not have a trial. Further, the Defendant requests a "list of amendments" filed by his attorney at sentencing. It is unclear what the Defendant means by this phrase.

Assuming that the Defendant is requesting a copy of his sentencing transcript or other materials related to his sentencing, the request must be denied. A prisoner seeking transcripts at the Government's expense must demonstrate a particularized need for the requested documents. See United States v. MacCollom, 426 U.S. 317, 326-27 (1976) (holding that federal

inmates are not entitled to transcripts at government expense absent some showing of a particularized need); Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) ("[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.") (citation omitted).  Here, the Defendant has not articulated any particularized reason why such documents are needed.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for copies of transcripts and other court documents at the Government's expense [Doc. 94], is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 9, 2022

Martin Reidinger
Chief United States District Judge

3

Case 1:17-cr-00012-MR-WCM   Document 95   Filed 12/09/22   Page 3 of 3