THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00012-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TRAVIS LINDSEY MEHAFFEY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc. 97], Motion to Appoint Counsel [Doc. 98], and Motion to Proceed *In Forma Pauperis* [Doc. 99].

**I. BACKGROUND**

The Defendant Travis Lindsey Mehaffey pled guilty pursuant to a written plea agreement to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). [Doc. 25]. On November 2, 2017, the Court sentenced him to a total term of 114 months' imprisonment. [Doc. 52].

The Defendant has moved this Court for compassionate release under 18 U.S.C. § 3582 on three prior occasions. [Docs. 65, 72, 74]. This Court denied each of these motions. [Docs. 71, 73, 84].

The Defendant now again moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he cannot receive adequate medical care in the Bureau of Prisons. [Doc. 97 at 3-6]. He also argues that his parents need a full-time caregiver and that he can provide such care for them. [Id. at 6-12]. In support of his request, the Defendant proffers letters of support, copies of his medical records, as well as copies of medical records related to his mother and father. [Docs. 97-1, 100].

The Defendant is currently incarcerated at FMC Lexington, and his projected release date is October 21, 2025.[1]

## II. DISCUSSION

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) also requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

---

[1] See Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Oct. 29, 2024).

the defendant's facility, whichever is earlier." Id. The Defendant has presented evidence that he has exhausted his administrative rights with the BOP. [See Doc. 64-1]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including (1) the defendant's medical circumstances, including a terminal illness or serious medical or physical condition that

substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) the defendant's family circumstances, such as the death or incapacitation of the caregiver for the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) whether the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. Id. § 1.B1.13(b)(1)-(6). With respect to rehabilitation, the policy statement states that a defendant's rehabilitation, by itself, is not an extraordinary and compelling reason for compassionate release, but "may be considered in combination with other circumstances in determining whether and to what

4
Case 1:17-cr-00012-MR-WCM   Document 109   Filed 11/06/24   Page 4 of 9

extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

In the present motion, the Defendant argues that under the newly amended policy statement, his medical conditions and his parents' need for full-time caregiving qualify as extraordinary and compelling reasons for his release.

Medical circumstances that the Court may find to support a finding of extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1)(A)-(C).

While the Defendant has shown that he suffers from painful medical conditions, he has not shown that he suffers from a condition that diminishes his ability to provide self-care. Further, he has not shown that he requires long-term medical care that is not being provided and without which he is at risk of serious deterioration in health or death. The Defendant's medical records reflect that he receives regular and responsive medical care.

Although the Defendant continues to experience pain, the evidence reflects that his medical providers have adjusted his pain medicine, leading to improvement, and that pain is unfortunately to be expected with the conditions from which the Defendant suffers. [See Doc. 97-1 at 8-10; Doc. 100 at 19, 29-30]. The Defendant argues that he would benefit from a medical procedure that is not available to him while in the Bureau of Prisons and that provides temporary pain relief. Even assuming the Defendant would be able to obtain this surgical procedure if not imprisoned, he has not shown that he is at risk of serious deterioration in health or death by not having this procedure. At most, he has shown that the procedure may provide him some temporary pain relief. It is not clear that such temporary relief would be any better than the improvement he has received from the adjustment to his pain medication. For these reasons, the Court concludes that the Defendant's medical conditions do not constitute an extraordinary and compelling reason for his release.

The Defendant also has not shown an extraordinary and compelling circumstance based on his parents' need for a full-time caregiver. Section 1B1.13(b)(3)(C) states that an extraordinary and compelling circumstance may exist when a defendant's parent is incapacitated and the defendant "would be the only available caregiver for the parent." Even assuming that

the Defendant has shown that his parents are both incapacitated, they are currently being cared for by the Defendant's wife, who lives next door. In fact, the Defendant's wife is now being paid to care for his father. [Doc. 97 at 17]. If released, the Defendant also would live next door, and while he might be able physically to do more with his father than his wife is able to, he has not shown that he is the only available caregiver. The Defendant also states that his wife suffers from certain medical conditions, but those conditions do not prevent her from serving his father as a caregiver or performing other household and caregiving tasks.

The Defendant also cites his rehabilitation as further support for his requested relief. However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for relief under the sentencing guidelines. U.S.S.G. § 1B1.13(d). As the Defendant has not shown any other extraordinary and compelling reason for relief, relief cannot be granted on this basis of his rehabilitation alone. Furthermore, despite the Defendant's commendable efforts at his own rehabilitation, the Court is not convinced that the Defendant no longer poses a danger to the community. Notably, and as previously discussed in the Court's prior Orders, the Defendant returned to the offense conduct immediately upon his pretrial release. [See Doc. 36: Bond Violation].

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). For the reasons stated in the Court's previous orders denying him compassionate release [Docs. 71, 84], the relevant § 3553(a) factors continue to weigh in favor of the Defendant's continued incarceration.

The Defendant has performed well in prison, and he has demonstrated that he suffers from painful medical conditions and has parents who need care. However, these mitigating circumstances do not outweigh the seriousness of his offense conduct, the need to protect the public, and the need to deter the Defendant and others from engaging in criminal conduct similar to his offense conduct. Moreover, the Defendant has not demonstrated that he is no longer a threat to the community.

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i), and that the § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

The Defendant also moves the Court for appointment of counsel [Doc. 98]. Because the Court has denied the Defendant's motion on the merits, this motion is denied as moot. The Defendant's request to file *in forma pauperis* [Doc. 99] is also denied as moot, as no filing fee was required for his motion.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction [Doc. 97] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Appointment of Counsel [Doc. 98] and Motion to Proceed *In Forma Pauperis* [Doc. 99] are **DENIED AS MOOT.**

**DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: November 6, 2024

Martin Reidinger
Chief United States District Judge